**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

**CLARISSA MAHR,**

Plaintiff,

v.

**DAVOL, INC., C. R. BARD, INC., and TOWN & COUNTRY HOSPITAL**

Defendants.

No.

**NOTICE OF REMOVAL**

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, defendants Davol, Inc. ("Davol"), and C. R. Bard, Inc. ("Bard"), remove the above-captioned matter from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States Court District Court for the Middle District of Florida, Tampa Division. In support of removal, Defendants state:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1. On January 13, 2006, Plaintiff initiated a medical malpractice personal injury suit against defendant Town & Country Hospital ("Town & Country") in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida for Hillsborough

County Civil Division, captioned as *Clarissa Mahr v. Town & Country Hospital,* Case No. 07-00530, Division C. *See* Original Complaint, attached as Exhibit A. Neither Bard nor Davol were a party to this suit.

2. On July 13, 2007, Plaintiff, without leave by the state court, filed an Amended Complaint in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida for Hillsborough County Civil Division, adding as defendants Davol and Bard, Case No. 07-00530, Division C. *See* Amended Complaint, attached as Exhibit B.

3. On August 14, 2007, Plaintiff served the Complaint on Defendant Davol and Bard via first-class and certified mail. The claims against Davol and Bard seemingly include claims for product liability and negligence. All of these claims arise from Davol's and Bard's alleged acts in manufacturing and distributing the Composix® Kugel® Patch. *See* Ex. B at ¶¶ 21-25, 26-30. Neither Bard nor Davol have answered the Complaint.

4. Attached as Exhibit C is a true and legible copy of the contents of the Hillsborough County Circuit Court file not otherwise referenced above.

5. This Notice of Removal is properly directed to the this Court because the Thirteenth Circuit Court of Hillsborough County, Florida, is located within the judicial district for the Middle District of Florida, Tampa Division and because this Court is the "district and division embracing the place where such action is pending" as provided by 28 U.S.C. § 1441(a).

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after first receipt by Davol or Bard, through service, of Plaintiff's Amended Complaint, which sets forth the basis for removal.

7. A copy of the written notice required by 28 U.S.C. § 1446 (d) is attached as Exhibit D and is being filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida and served on Plaintiff.

## II. THIS COURT HAS DIVERSITY JURISDICTION.

8. As will be shown more fully below, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount-in-controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity between Plaintiff and Bard and Davol, the only properly joined defendants.

### A. Amount-in-Controversy Has Been Satisfied.

9. Where a complaint fails to specify the amount of damages sought, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *See also Tapscott v. MS Dealer Serv. Corp*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). Although plaintiff does not specifically allege the monetary threshold for diversity jurisdiction in this case, the nature of her claims as pleaded

establishes jurisdiction.

10. Plaintiff claims a broad category of damages, including bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish, and future damages. Complaint at ¶¶ 12, 20, 25, and 30.) Thus, it facially apparent from the complaint that amount-in-controversy has been met. *See, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). These types of claims have been deemed sufficient by other federal courts in satisfying the amount in controversy prong to 28 U.S.C. § 1332. *See, e.g., In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (finding plaintiff's claims for similar injuries "[to] satisf[y] the "facially apparent" standard."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Such allegations support a … monetary basis to confer removal jurisdiction....").

**B. The Parties Properly Joined In This Action Are Completely Diverse.**

11. Plaintiff is now, and has been at all relevant times, a resident and citizen of Tampa, Florida. *See* Ex. B. at ¶ 4.

12. Davol is and has been at all relevant times a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Rhode Island. Therefore, for the purpose of determining diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Davol is not a citizen of Florida.

13. Bard is and has been at all relevant times a corporation incorporated under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. Therefore, for the purpose of determining diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Bard is not a citizen of Florida.

**C. The Remaining Defendant Town & Country Hospital Is Improperly Joined, And Its Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis.**

***A. Misjoinder of Town & Country on Plaintiffs' Medical Malpractice Claim.***

14. Plaintiff Clarissa Mahr had an incisional hernia repair performed at Town and Country. The claim against Town & Country alleged medical malpractice for alleging providing the surgeon with the wrong hernia patch. *See* Complaint, ¶¶ 5-12 (Ex. A). There were no product liability claims made in this pleading.

15. Town & Country has been improperly joined in this action because the claims against it and defendants Davol and Bard do not arise out of the same transaction or occurrence.[1] Federal Rule of Civil Procedure 20(a) provides that parties may be joined

[1] Even though its consent is unnecessary given the basis for Bard's and Davol's removal of this case, Town & Country has affirmatively provided such consent. *See* Ex. D.

in one action only if there is a right to relief in respect of or arising out of the same transaction or occurrence. *See* FRCP 20(a). Claims involving product liability and medical negligence do not arise out of the same transaction or occurrence and should not be joined together. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006). In *Crockett*, plaintiffs combined a product liability action with a medical negligence claim. The plaintiffs argued that defective cigarettes manufactured by R.J. Reynolds and others caused plaintiff to develop cancer and that the healthcare defendants negligently "fail[ed] to diagnose the decedent's cancer." *Id.* at 531. The defendants removed the action alleging that the medical negligence claims should not be joined with the product liability claims and therefore that the citizenship of the healthcare providers did not destroy diversity. The court held that:

> "the medical negligence and malpractice claim and the burden of proof to sustain that claim is totally different from the burden of proof necessary to secure judgment for product liability. To the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding."

*Id.* at 533.

16. In the instant case – as in *Crockett* – Plaintiff alleges a products liability claim against Davol and Bard. Additionally, Plaintiff alleges that the medical care provided by nurses and staff at Town & Country fell short of the standard of care. Specifically, she alleges that Town & Country nurses delivered a Composix® Kugel®

Patch to the surgeon when the surgeon requested another manufacturer's product. Complaint, ¶ 21.

17. A party can be improperly joined without being fraudulently joined. *See Crockett*, 436 F.3d at 533. If the joinder requirements of Rule 20(a) are not met, "joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *See Crockett*, 436 F.3d at 533.

18. The claims asserted against Town & Country do not require Bard's or Davol's presence in any potential lawsuit against Town & Country in order for Plaintiff to effectively try its case. In fact, the presence of Bard and/or Davol will create an unnecessary waste of expense and time on the part of the Court and parties. As such, the claims presented against Town & Country and Bard and Davol are improperly misjoined.

### *B.* ***Fraudulent Joinder of Town & Country on Plaintiffs' Strict Products Liability Claim***

19. Under Florida law, strict product liability extends to businesses that are within a product's distributive chain." *North Miami General Hospital v. Goldberg*, 520 So.2d 650, 652 (Fla. Ct. App. 1988). This group includes sellers, retailers, and distributors of defective products, including defective medical devices. *Porter v. Rosenberg*, 650 So.2d 79, 80 (Fla. 1995) (addressing strict product liability in the context of medical devices); *Visnoski v. J.C. Penney Co.*, 477 So.2d (Fla. App. Ct. 1985) (including distributors and retailers as proper parties with the scope of Florida's strict

liability framework); *West v. Caterpillar Tractor, Inc.*, 336 So.2d 80 (Fla. 1976) (incorporating Restatement (Second) of Torts § 402 into Florida law).

20. In the present case, Plaintiff purports to bring a strict product liability claim against Town & Country, asserting it "distributed" an allegedly defective product. *See* Complaint, ¶ 18. Plaintiff's product liability claim, however, does not and cannot state a strict products liability claim under Florida law because the allegedly defective product was used only in the course of the Town & Country's primary function of providing medical services.

21. Further, Town & Country is a mere service provider whose primary function is to provide medical services. Hospitals that utilizes an alleged defective product only in the course of its primary function of providing medical services and whose agents exercise independent medical judgment is not subject to an action in strict liability where the professional services could not have been rendered without using the product. *See, e.g., Rosenberg*, 650 So.2d at 83; *see also NME Hosps., Inc. v. Azzariti*, 573 So.2d 173, 173 (Fla. Dist. Ct. App. 1991).

22. Under a similar factual scenario, a Florida appellate court in *Porter v. Rosenberg*, 650 So.2d 79, 80 (Fla. Dist. Ct. App. 1995), held the plaintiff could not prosecute her cause of action in strict liability against her implanting surgeon. In upholding dismissal by the trial court, the *Porter* court remarked:

> Following the rationale implicitly applied by the second district in *NME Hosps.*, we conclude that whether or not a plaintiff may bring an action

> against a physician, hospital, or other health care provider for strict liability depends upon the essence of the physician-patient relationship for the particular transaction. If the medical services could not have been rendered without utilizing the product, then strict liability does not apply. If the predominant purpose of the physician-patient relationship for that transaction is the provision of medical services based upon the physician's medical judgment, skill, or expertise, the malpractice statute applies and strict liability is inapplicable. *Id.* at 83.

23. In the instant case, Plaintiff asserts she had a hernia repair surgery and that incident to that surgery, Town & Country implanted a mesh prosthetic. *See* Complaint, ¶¶ 5-6. Consequently, Town & Country is a mere medical services provider and is not a retailers, seller, or distributor for the purposes of Florida law. As such, Plaintiff's strict product liability claim against Town & Country cannot be legally sustained.

24. Authority from other jurisdictions supports this reasoning. Florida's strict product liability scheme is to be construed in accordance with RESTATEMENT (SECOND) OF TORTS ("RESTATEMENT SECOND") § 402A. *See West v. Caterpillar Tractor, Inc.*, 336 So.2d 80 (Fla. 1976). In jurisdictions that follow RESTATEMENT SECOND § 402A, courts have recognized that hospitals and other medical service providers are not sellers for the purpose of strict products liability merely because in providing services, they also provide medical devices incident to those services. *See e.g., Cafazzo v. Central Medical Health Services, Inc.*, 542 Pa. 526, 668 A.2d 521 (1995) (holding hospital and physicians were not strictly liable under RESTATEMENT SECOND § 402A for defects in medical device where the provision of the device was merely incidental to the provision of medical services); *see also In re Breast Implant Product Liability Litigation*, 331 S.C.

540, 503 S.E.2d 445 (1998) (hospital not a "seller" of medical device when it is implanted as part of surgical procedure for strict liability purposes); *Ayyash v. Henry Ford Health Systems*, 210 Mich. App. 142, 533 N.W.2d 353 (1995) (holding that plaintiff did not have a strict product liability claim against a hospital and doctor for defects in a joint implant because the hospital's primary function was to provide a service, not to manufacture or distribute products); *Probst v. Albert Einstein Medical Center*, 82 A.D.2d 739, 440 N.Y.S.2d 2 (N.Y. App. Div. 1981) ("The insertion of the metal rod was incidental to the medical services provided by the [hospital]. Since [it] did not technically sell the metal rod to the plaintiff, there is no merit to the [product liability claim] proposed."); *Hector v. Cedars-Sinai Medical Center*, 180 Cal. App. 3d 493, 501, 225 Cal. Rptr. 595 (1986) ("The essence of the relationship between hospital and patient is the provision of professional medical services necessary to effect the implantation of a pacemaker – the patient does not enter the hospital merely to purchase a pacemaker but to obtain a course of treatment which includes implantation of a pacemaker . . . . As a provider of services rather than a seller of a product, the hospital is not subject to strict liability for a defective product provided to the patient during the course of his or her treatment.").

### *C. Fraudulent Joinder of Town & Country as to Plaintiff's Negligence Claim.*

25. Plaintiff has fraudulently joined Town & Country in brining her negligence claim.

26. A defendant may prove fraudulent joinder by showing that "there is no possibility the plaintiff can establish a cause of action against the resident defendant" *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The removing defendant may present facts – including depositions, affidavits, and other evidence – to support a claim of fraudulent joinder. *Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990).

27. Here, Plaintiff's negligence claim fails in that there is no suggestion that Town & Country owed Plaintiff a duty not to negligently distribute products it uses in performing its medical services, and her Complaint certainly does not allege any breach of any purported duty by the hospital. These failings render any allegation against Town & Country legally insufficient. *See, e.g., Cintron v. Osmose Wood Preserving, Inc.*, 681 So.2d 859, 861 (Fla. Dist. Ct. App. 1996) (enumerating elements of negligent distribution in a products liability context).

Dated this 13th day of September, 2007.

Respectfully submitted,

/s/ John M. Kvartek
John M. Kvartek (FBN 044563
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200 (phone)
(850) 432-7340 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800 (phone)
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to Chris M. Limberopoulos, Esq., The Limberopoulos Law Firm, Rivergate Tower, 400 North Ashley Drive, Suite 2150, Tampa, Florida 33602 this 13th day of September, 2007.

/s/ John M. Kvartek
John M. Kvartek