87

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY CIVIL DIVISION**

CLARISSA MAHR,

Plaintiff,

vs.

CASE NO. 07-530
DIVISION:

TOWN & COUNTRY HOSPITAL, LP,
a Foreign limited partnership, and
DAVOL, INC., a Subsidiary of C. R.
BARD, INC.,

Defendants.

______________________________/

FILED
CLERK OF CIRCUIT COURT
2007 JUL 16 PM 4:05
HILLSBOROUGH COUNTY, FL
CIRCUIT CIVIL

**AMENDED COMPLAINT**

**COMES NOW,** the Plaintiff, CLARISSA MAHR, by and through her undersigned attorneys, and sues the Defendants, TOWN & COUNTRY HOSPITAL, LP, a Foreign limited partnership (hereinafter referred to as "TOWN & COUNTRY"), and DAVOL, INC., a Subsidiary of C. R. BARD, INC., and alleges as follows:

**COMMON ALLEGATIONS**

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. That at all times relevant hereto, the Defendant, d/b/a TOWN & COUNTRY HOSPITAL, was doing business in Tampa, Hillsborough County, Florida and is governed by Chapter 766 of the Florida Statutes.

3. The Plaintiff has completed all requirements of presuit screening pursuant to Chapter 766

and has satisfied all conditions precedent to the filing of this lawsuit.

4. At all times relevant hereto, the Plaintiff, CLARISSA MAHR, was a resident of Hillsborough County, Florida.

**COUNT I**

5. The Plaintiff reincorporates and realleges all of the allegations set forth above.

6. On or about February 17, 2005, the Plaintiff, CLARISSA MAHR, presented herself at TOWN & COUNTRY HOSPITAL, for a laparoscopic cholecystectomy for repair of hernias and lysis of adhesions.

7. The Plaintiff's surgeon requested "Gore-Tex" mesh, a medical device or implement used to secure repair of hernias and maintain the integrity of the soft tissues it supports.

8. In its place and without the surgeon's consent, the nurses and staff at TOWN & COUNTRY HOSPITAL, gave the surgeon a Kugel Hernia Patch, one with known defects and different from the patch requested by the surgeon.

9. A surgeon while in the midst of an operative procedure must be able to rely on the surgical staff to follow his orders regarding the products he wishes to utilize and notify him or her when the product he/she has requested is not available. The Kugel Hernia Patch given to the Plaintiff's surgeon was inappropriate and it was negligent for the nurses and staff of TOWN & COUNTRY HOSPITAL to have given the surgeon the wrong patch.

10. The Kugel mesh patch used subsequently failed and was otherwise not fit for the purposes it was used resulting in physical damage, bodily injury, infection, and additional open laparotomy for removal of infected mesh, lysis of adhesions and the repair of a bowel leak. The pathology report following the surgery did not identify the manufacturer of the mesh utilized.

11. The negligence of the nurses and staff of TOWN & COUNTRY HOSPITAL, was so grossly negligent, so as to impute malice.

12. As the result of the negligence of TOWN & COUNTRY HOSPITAL, the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, CLARISSA MAHR, demands judgment, damages, and associated costs against the Defendant, TOWN & COUNTRY HOSPITAL, and hereby requests a trial by jury.

**COUNT II**

13. The Plaintiff reincorporates and realleges all of the allegations set forth above.

14. On or about February 17, 2005, the Plaintiff, CLARISSA MAHR, presented herself at TOWN & COUNTRY HOSPITAL, for a laparoscopic cholecystectomy for repair of hernias and lysis of adhesions.

15. The Plaintiff's surgeon requested "Gore-Tex" mesh, a medical device or implement used to secure repair of hernias and maintain the integrity of the soft tissues it supports.

16. In its place and without the surgeon's consent, the nurses and staff at TOWN & COUNTRY HOSPITAL, gave the surgeon a Kugel Hernia Patch, one with known defects and different from the patch requested by the surgeon.

17. That the Kugel Hernia Patch was unfit for the purpose it was intended and was otherwise defectively manufactured and designed such that failed and broke under stress, leading to the complications suffered by the Plaintiff, including but not limited to, infection, abdominal pain, bowel perforation and chronic enteric fistulas.

18. That the Defendant, TOWN & COUNTRY HOSPITAL, LP, distributed the Kugel Hernia

Patch with knowledge that it would be used without inspection for its defects.

19. That the defective design and manufacture of the Kugel Hernia Patch was known or should have been known to the Defendant, TOWN & COUNTRY HOSPITAL, LP, and it should have corrected said defects.

20. As the result of the negligence of TOWN & COUNTRY HOSPITAL, the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, CLARISSA MAHR, demands judgment, damages, and associated costs against the Defendant, TOWN & COUNTRY HOSPITAL, and hereby requests a trial by jury.

**COUNT III**
**Davol, Inc., a wholly owned Subsidiary of**
**C. R. Bard, Inc.**

21. The Plaintiff reincorporates and realleges all of the allegations set forth above.

22. That the Kugel Hernia Patch was unfit for the purpose it was intended and was otherwise defectively manufactured and designed such that failed and broke under stress, leading to the complications suffered by the Plaintiff, including but not limited to, infection, abdominal pain, bowel perforation and chronic enteric fistulas.

23. That the Defendant, DAVOL, INC., distributed the Kugel Hernia Patch with knowledge that it would be used without inspection for its defects.

24. That the defective design and manufacture of the Kugel Hernia Patch was known or should have been known to the Defendant, DAVOL, INC., and it should have corrected said defects.

25. As the result of the negligence of DAVOL, INC., the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury,

loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, CLARISSA MAHR, demands judgment, damages, and associated costs against the Defendant, DAVOL, INC., and hereby requests a trial by jury.

**COUNT IV**
**C. R. Bard, Inc.**

26. The Plaintiff reincorporates and realleges all of the allegations set forth above.

27. That the Kugel Hernia Patch was unfit for the purpose it was intended and was otherwise defectively manufactured and designed such that failed and broke under stress, leading to the complications suffered by the Plaintiff, including but not limited to, infection, abdominal pain, bowel perforation and chronic enteric fistulas.

28. That the Defendant, C.R. BARD, INC., distributed the Kugel Hernia Patch with knowledge that it would be used without inspection for its defects.

29. That the defective design and manufacture of the Kugel Hernia Patch was known or should have been known to the Defendant, C.R. BARD, INC., and it should have corrected said defects.

30. As the result of the negligence of C. R. BARD, INC., the Plaintiff has been caused to suffer bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish and the Plaintiff's damages will continue into the future.

WHEREFORE, Plaintiff, CLARISSA MAHR, demands judgment, damages, and associated costs against the Defendant, C. R. BARD, INC., and hereby requests a trial by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by First Class U.S. Mail to: Thomas Saieva, Esquire, Saieva, Rousselle & Stine, P.A., 601 W. Swann Avenue, Suite B, Tampa, Florida 33606, this 13th day of July, 2007.

*THE LIMBEROPOULOS LAW FIRM, P.A.*

Chris M. Limberopoulos, Esquire
Florida Bar No. 341126
400 N. Ashley Drive, Suite 2150
Tampa, Florida 33602
(813) 875-1818; FAX: (813) 879-2368
Attorneys for Plaintiff