**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| CLARISSA MAHR,<br><br>Plaintiff,<br><br>v.<br><br>TOWN & COUNTRY HOSPITAL, LP, a foreign limited partnership, DAVOL INC., a Rhode Island corporation, and C.R. BARD, INC., a New Jersey Corporation,<br><br>Defendants. | ) | Civil Action No.: _____________ |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through their counsel, answer Plaintiff's Complaint as follows:

**COMMON ALLEGATIONS**

1. The allegations in Paragraph 1 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Paragraph 4 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny the same.

**COUNT I**

5. In response to Paragraph 5 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Paragraph 8 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants state the allegations contained in Paragraph 8 are either conclusions of law to which no response is required or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. The allegations in Paragraph 10 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the same.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the same.

**COUNT II**

13. In response to Paragraph 13 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants state the allegations contained in Paragraph 16 are either conclusions of law to which no response is required or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants therefore deny the allegations.

17. The allegations in Paragraph 17 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

18. Paragraph 18 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the same.

19. Paragraph 19 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the same.

20. Paragraph 20 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants deny the same.

**COUNT III**

21. In response to Paragraph 21 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

22. The allegations are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 22 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies the allegations.

23. The allegations are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 23 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies the allegations.

24. The allegations are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies the allegations.

25. The allegations are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 25 are conclusions of law and no answer is required. To the extent an answer is required, Davol denies the allegations.

**COUNT IV**

26. In response to Paragraph 26 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

27. The allegations in Paragraph 27 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

28. The allegations are not directed toward Davol. To the extent they are, Davol denies them. Bard denies the allegations.

29. The allegations are not directed toward Davol. To the extent they are, Davol denies them. Bard denies the allegations.

30. The allegations are not directed toward Davol. To the extent they are, Davol denies them. Bard denies the allegations.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Defendants, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced, in whole or part, by the tortious conduct of others not a party to this lawsuit.

19. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

20. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants product.

21. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

22. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and any other applicable law.

23. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Fla. Stat. § 768.72 (2004) and/or other applicable laws.

24. To the extent plaintiff's Complaint seeks punitive damages, plaintiff is limited in the amount, if any, he may recover for punitive damages under Fla. Stat. § 768.73 (2004).

25. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

26. Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: September 20, 2007

Respectfully submitted,

/s/ John M. Kvartek
John M. Kvartek (FBN 044563)
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Chris M. Limberopoulos
The Limberopoulos Law Firm, P.A.
400 North Ashley Street, Suite 2150
Tampa Bay, FL 33602

*Counsel for Plaintiff*

Thomas Saieva
Leslie Stine
Saieva, Rouselle & Stine, P.A.
601 W. Swann Avenue, Suite B
Tampa Bay, FL 33606

*Counsel for Town & Country Hospital, LP*

*via electronic notice and first-class mail*

/s/ John M. Kvartek
John M. Kvartek